IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID WEBB, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:18cv841-MHT (WO) |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

OPINION AND ORDER

Before the court is petitioner David Webb's "Motion for Rule 60(b) Relief," filed on June 12, 2019.

On September 27, 2018, Webb, a federal inmate at the Maxwell Federal Prison Camp in Montgomery, Alabama, filed with this court a self-styled petition for writ of habeas corpus under 28 U.S.C. § 2241. Pursuant to orders by this court, Webb filed an amended § 2241 petition on October 12, 2018. In his petition as amended, Webb challenged the validity of his 2018 guilty-plea conviction and sentence imposed by the United States District Court for the Eastern District of Virginia for inducement of another to travel in

interstate commerce in the execution of a scheme and artifice to defraud that person of property, in violation of 18 U.S.C. § 2314. Webb claimed his conviction and sentence were void and that he was entitled to immediate release because (1) the federal district courts, including the court in which he was convicted and sentenced, are not lawfully established by Congress; (2) the United States suffered no "injury in fact" from his alleged crime and thus lacked standing to prosecute him; and (3) his guilty plea was entered under duress in violation of his due-process rights. Amended Petition (doc. no. 7) at 1–3.

Because Webb's claims challenged the validity of his conviction and sentence and fell squarely within the realm of injuries addressed by motions to vacate under 28 U.S.C. § 2255, this court found that his self-styled § 2241 petition must be considered as a motion to vacate under § 2255. *See* Order (doc. no. 8); Recommendation (doc. no. 12). And because venue and

2

jurisdiction for actions considered under § 2255 lie only in the district of conviction, this court transferred Webb's case to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1631. *See* Recommendation (doc. no. 12); Opinion and Order (doc. no. 16).

In his "Motion for Rule 60(b) Relief," Webb again challenges the validity of his conviction and sentence by the Eastern District of Virginia court. He "request[s] relief in the nature of reinstating [his] Habeas Corpus Petition[ ] for the purpose of a hearing as allowed per Constitution and statutory law; finding of facts, and conclusions of law entered into the record[] of [his] case ... ; and order of relief granting immediate release based off of arguments presented, supported or sentencing court's lack of jurisdiction." Motion for Rule 60(b) Relief" (doc. no. 19) at 2.

Although Webb styles his motion as one for relief under Rule 60(b) of the Federal Rules of Civil Procedure, it is properly understood as a motion requesting that his original self-styled § 2241 petition be reinstated in this court. Webb does not assert any of the grounds for relief contained in Rule 60(b), and once again he presents claims that go to the validity of his conviction and sentence. Rule 60 of the Rules of Civil Procedure is an inappropriate vehicle to challenge a criminal conviction or sentence. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). Further, Webb demonstrates no infirmity in this court's order transferring his case to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1631. Webb challenged his conviction and sentence. Such challenges are properly brought under § 2255. Section 2255 motions are properly filed only in the court of

conviction.  Webb simply fails to demonstrate any basis for relief from this court.

***

Accordingly, for the reasons indicated above, it is ORDERED that petitioner David Webb's "Motion for Rule 60(b) Relief" (doc. no. 19) is denied.

DONE, this the 15th day of July, 2019.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE