IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


DAVID WEBB,                        )
                                   )
     Petitioner,                   )
                                   )       CIVIL ACTION NO.
     v.                            )        2:18cv841-MHT
                                   )           (WO)
UNITED STATES OF AMERICA,          )
                                   )
     Respondent.                   )

OPINION AND ORDER

Before the court is a "Rule 22 Motion for Habeas
Corpus" filed by petitioner David Webb, a federal
inmate at the Maxwell Federal Prison Camp; the motion
was originally filed in, and then referred to this
Alabama district court by, the Eleventh Circuit Court
of Appeals. Webb seeks leave to file a 28 U.S.C.
§ 2241 petition for habeas-corpus relief to challenge
the alleged lack of Article III powers held by the
sentencing court in his criminal case, the United
States District Court for the Eastern District of
Virginia, to enter a judgment and conviction against
him. Webb has been convicted of inducement of another

to travel in interstate commerce in the execution of a scheme and artifice to defraud that person of property, in violation of 18 U.S.C. § 2314.

## I.

Previously, Webb filed with this Alabama federal court a self-styled petition for writ of habeas corpus under § 2241 raising the same claims presented in his instant motion; he later amended his petition. He claimed that his conviction and sentence were void because (1) the federal district courts, including the Virginia court in which he was convicted and sentenced, are not lawfully established by Congress; (2) the United States suffered no "injury in fact" from his alleged crimes and thus lacked standing to prosecute him; and (3) his guilty plea was entered under duress in violation of his due-process rights.

Because Webb's claims challenged the validity of his conviction and sentence and fell squarely within

the realm of injuries addressed by motions to vacate
under 28 U.S.C. § 2255, this court found that his
self-styled § 2241 petition must be considered as a
motion to vacate under § 2255.  And, because venue and
jurisdiction for actions considered under § 2255 lie in
only the district of conviction, this court transferred
his case to the Virginia court pursuant to 28 U.S.C.
§ 1631, for review and disposition.  *See Webb v. United
States*, 2018 WL 6182627 (M.D. Ala. Nov. 27, 2018)
(Thompson, J.), *adopting recommendation*, 2018 WL
6186824 (M.D. Ala. Nov. 5, 2018) (Coody, M.J.).

After transfer, the Virginia court entered an order
denying Webb's construed § 2255 motion after finding
all his claims to be without merit. *See United States
v. Webb*, Civil Case No. 1:18cv1456-AJT/IDD (E.D. Va.
2019) (doc. no. 23).

Also after transfer, this Alabama court denied
Webb's "Motion for Rule 60(b) Relief," in which Webb
sought to have his self-styled § 2241 habeas corpus

petition reinstated in this court.  *See* Webb v. United

States, 2019 WL 3074956 (M.D. Ala. July 15, 2019)

(Thompson, *J.*).


## II.

The court now turns to the instant motion referred

to this court by the Eleventh Circuit.  For two

reasons, Webb will be denied leave to file yet another

§ 2241 habeas-corpus petition in this Alabama court

challenging the Virginia court's jurisdiction to impose

judgment and conviction upon him in his criminal case.

First, as previously and repeatedly determined by

this court, *see Webb v. United States*, 2019 WL 3074956

(M.D. Ala. July 15, 2019) (Thompson, *J.*); *Webb v.*

*United States*, 2018 WL 6182627 (M.D. Ala. Nov. 27,

2018) (Thompson, *J.*), *adopting recommendation*, 2018 WL

6186824 (M.D. Ala. Nov. 5, 2018) (Coody, *M.J.*), any

challenges raised by Webb regarding the lack of

jurisdiction of the Virginia court to adjudicate his

criminal case are not proper claims for relief in a § 2241 habeas petition, *see McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017), and must be addressed under § 2255 in the district of conviction.

Second, the instant motion is just another improper effort to get around this court's earlier rulings and get his case back in this court.  The court is already ruled on the matter again and again.

***

Accordingly, for the reasons indicated above, it is ORDERED that petitioner David Webb's "Rule 22 Motion for Habeas Corpus" (doc. no. 21), seeking leave to file a 28 U.S.C. § 2241 petition for habeas corpus relief, is denied.

DONE, this the 7th day of October, 2019.

_/s/ Myron H. Thompson_
**UNITED STATES DISTRICT JUDGE**